## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JPAY LLC,<br>A Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LONNIE BURTON and<br>MICHAEL LINEAR,<br><br>Defendants. | Civil Action No.: 3:22-CV-01492-E |

## PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

Plaintiff, JPay LLC ("JPay") files this Complaint for Declaratory and Injunctive Relief against Lonnie Burton and Michael Linear (collectively, "Defendants"), and alleges:

## PARTIES

1.     Plaintiff JPay is a Delaware Limited Liability Company, with its principal place of business in Miramar, Florida. As discussed here, JPay is a citizen of Delaware and Texas. Specifically, JPay's sole member is Securus J Holdings, LLC (a Delaware LLC), whose sole member is Securus Technologies, LLC (a Delaware LLC) whose sole member is Aventiv Technologies, LLC (a Delaware LLC) whose sole member is SCRS Acquisition Corporation, a Delaware Corporation with its principal place of business in Texas.

2.     Defendant Lonnie Burton is a citizen of the State of Washington and currently resides in Grays Harbor County, Washington.

---

[1] On July 12, 2022, the Court issued an Order requiring JPay to file an amended complaint with additional allegations about JPay's basis for invoking diversity jurisdiction. *See* [ECF No. 5]. This amended complaint adds those jurisdictional allegations (*see* ¶ 1) and does not include any other changes.

3.      Defendant Michael Linear is a citizen of the State of Washington and currently

resides in Mason County, Washington.

## JURISDICTION AND VENUE

4.      Personal jurisdiction and venue are proper in this Court pursuant to the agreement

between the parties. Specifically, the agreement provides that the "[t]he parties hereby consent to

jurisdiction and venue in the Federal District Courts in the Northern District of Texas . . . and

waive any objections thereto." Exhibit 1 ¶ 9(h).

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000, exclusive

of costs and interest.

## FACTUAL ALLEGATIONS

6.      Defendants Burton and Linear are users of JPay's services.

7.      Prior to using those services, Defendants had to accept the Terms of Service and

Warranty Policy (the "Agreement").

8.      Defendant Burton most recently accepted JPay's Agreement on April 24, 2022.

9.      Defendant Linear most recently accepted JPay's Agreement on April 5, 2022.

10.     The version that both Burton and Linear accepted is attached as Exhibit 1.[2]

11.     The Agreement includes a clear and broad dispute resolution and arbitration

provision, entitled "Dispute Resolution & Arbitration Agreement," and provides:

---

[2] From time to time over the past several years, JPay has amended its Agreement, published the amended Agreement, and required JPay users to re-agree to the amended terms before continuing use of JPay's services. All relevant versions of the Agreement have had a substantially similar arbitration clause. Defendant Burton accepted previous versions of the Agreement on May 3, 2019, July 3, 2020, December 20, 2020, and September 10, 2021. Defendant Linear accepted previous versions of the Agreement on May 3, 2019, June 19, 2020, December 22, 2020, and September 9, 2021.

**THIS AGREEMENT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY OR CLASS ACTIONS.**

Exhibit 1 ¶ 9 (emphasis in original).

12.     Indeed, the Agreement makes clear that the parties waive the right to assert or participate in class action lawsuit or class arbitration. Specifically, the Agreement provides:

> WAIVER OF RIGHT TO BRING CLASS ACTIONS AND REPRESENTATIVE CLAIMS: **SUBJECT TO THE SMALL CLAIMS COURT EXCEPTION ABOVE, AND CERTAIN EXCEPTIONS LISTED BELOW, ALL DISPUTES, PAST, PRESENT, AND FUTURE, AND REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS.** The arbitrator is empowered to resolve the dispute with the same remedies available in court, however, any relief must be individualized to you and shall not affect any other customer. JPay and you also agree that each may bring claims against the other only in our respective individual capacities (whether in arbitration or court), and in so doing, JPay and you hereby waive the right to a trial by jury, to assert or participate in any class action lawsuit or class action arbitration, any private attorney general lawsuit or private attorney general arbitration, and any joint or consolidated lawsuit or joint or consolidated arbitration of any kind.

Exhibit 1 ¶ 9(g).

13.     Despite this clear arbitration requirement and class action waiver provision, Defendants filed a complaint against JPay in Washington state court on May 22, 2020, which they amended on October 31, 2020. The complaint includes class claims and allegations. *See* Exhibit 2 ¶ 185.

14.     JPay immediately filed a motion to compel arbitration, directing the Washington court to the then applicable Agreement, which contained a substantially identical arbitration clause to the one included in Exhibit 1.

15.     On December 14, 2020, the state court compelled Defendants to "bring their claims in an *individual* arbitration pursuant to the parties' arbitration agreement." Exhibit 3 at 2 (emphasis added).

3

16.     Defendants tried to appeal the state court's decision, but on June 2, 2021, the Court of Appeals of the State of Washington, Division II, denied Defendants' motion for discretionary review. Exhibit 4 at 5.

17.     On January 14, 2022, each Defendant filed a demand for arbitration with the American Arbitration Association. Exhibit 5; Exhibit 6. In violation of the state court's order to bring individual arbitrations, both demands copy and pasted the state court class action complaint and sought "$50,000,00" [sic] in damages.

18.     In their demands, Defendants stated that they "seek[] to invalidate the arbitration clause and class action waiver in this consumer arbitration." Exhibit 5 at 1; Exhibit 6 at 1.

19.     On June 7, 2022, each Defendant filed a motion to declare the Agreement's arbitration clause and class action waiver as unconscionable. Exhibits 7 and 8.

20.     However, under the Agreement, arbitration is not the proper forum to challenge the class action waiver. Indeed, the Agreement expressly prohibits arbitrators from determining the scope, validity, effect, or enforceability of the class action waiver and, instead, vests this Court with the power to hear any challenges to the class action waiver.

21.     Specifically, the Agreement provides:

Except as specifically set forth in this section, only the arbitrator is authorized to make determinations as to the scope, validity, or enforceability of this Agreement, including whether any Dispute falls within its Scope. **Notwithstanding the above, the scope, validity, effect, and enforceability of this agreement's waiver of (i) class action lawsuits, (ii) representative or class-wide arbitration, (iii) private attorney general claims, or (iv) request for public injunctive relief, are to be determined solely and exclusively by the Federal District Court located in the Northern District of Texas or a Texas state court in Denton County or Collin County, and no by Resolute, the AAA, or any arbitrator**. If a lawsuit is filed to enforce these waivers the parties agree that the arbitration shall be immediately stayed, by agreement or court order, until the court case is resolved and all appellate review is exhausted. The cost of proceedings under this section, including, without limitation, each party's attorneys' fees and costs, shall be borne by the unsuccessful party. The parties hereby consent to jurisdiction and venue in the Federal District

Courts in the Northern District of Texas or Texas state court in Denton County or Collin County and waive any objections thereto.

Exhibit 1 ¶ 9(h) (emphasis added).

22.     Thus, Defendants improperly seek to challenge the class action waiver in an arbitral proceeding.

## COUNT I – DECLARATORY JUDGMENT

23.     JPay adopts and reincorporates the allegations in paragraphs 1 through 22 as set forth herein.

24.     This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

25.     An actual and justiciable controversy exists between JPay and Defendants as to whether an arbitrator is entitled to determine whether the Agreement's class action waiver is enforceable.

26.     Pursuant to the express and clear terms of the Agreement, this Court must determine the question of whether the class action waiver is enforceable.

27.     Despite that clear requirement, Defendants seek to have the arbitrator decide this issue.

28.     JPay, therefore, is entitled to a declaration that the arbitrator is without power to hear any challenges to the class action waiver.

## COUNT II – DECLARATORY JUDGMENT

29.     JPay adopts and reincorporates the allegations in paragraphs 1 through 22 as set forth herein.

30.     This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

31.     An actual and justiciable controversy exist between JPay and Defendants concerning the enforceability of the Agreement's class action waiver.

32.     JPay maintains that the Agreement's class action waiver is enforceable and that Defendants must submit their claims to individual arbitration.

33.     Defendants maintain that the Agreement's class action waiver is unconscionable and, therefore, unenforceable and that Defendants should be able to pursue relief on behalf of a class.

34.     JPay, therefore, is entitled to a declaration that the class action waiver is enforceable and that Defendants must submit their claims to individual arbitration.

## COUNT III – INJUNCTIVE RELIEF

35.     JPay adopts and reincorporates the allegations in paragraphs 1 through 22 as set forth herein.

36.     If Defendants are allowed to challenge the Agreement's class action waiver in an arbitral proceeding, JPay will be irreparably harmed.

37.     JPay did not agree to submit the question of enforceability of the class action waiver to arbitration. The parties expressly agreed that a court, and not an arbitrator, must resolve this question. Exhibit 1 ¶ 9(h).

38.     No adequate remedy exists at law. If this Court does not enjoin Defendants from challenging the class action waiver, JPay's contractual rights will be permanently diminished, as JPay will be forced to participate in an arbitral process it specifically contracted not to engage in.

39.     JPay has a substantial likelihood of prevailing on the merits. The Agreement expressly provides that the parties will only pursue individual arbitration and that any challenges to the class action waiver are to be decided by this Court.

40.     Moreover, the Agreement specifically provides that if "a lawsuit is filed to enforce these waivers the parties agree that the arbitration shall be immediately stayed, by agreement or

court order, until the court case is resolved and all appellate review is exhausted." Exhibit 1 ¶ 9(h).

As JPay has filed this case to enforce its class action waiver, Defendants have contractually

consented to a stay of the arbitral proceedings and have authorized a court order to enforce that

agreement.

41.     JPay, therefore, is entitled to an order enjoining Defendants from challenging the

class action waiver in an arbitral proceeding.

## COUNT IV – STAY PURSUANT TO FEDERAL ARBITRATION ACT

42.     JPay adopts and reincorporates the allegations in paragraphs 1 through 22 as set

forth herein.

43.     This is an action to stay the arbitration proceedings pending this Court's

determination of whether the Agreement's class action waiver is enforceable.

44.     Although the Federal Arbitration Act contains no explicit provision authorizing a

federal court to stay ongoing arbitration, the Fifth Circuit has established that in appropriate

circumstances the district court may stay an arbitration. *See PoolRe Ins. Corp. v. Organizational

Strategies, Inc.*, No. H-13-1857, 2013 WL 3929077, at *9 (S.D. Tex. 2013) (citing *Tai Ping Ins.

Co., Ltd. v. M/V Warschau*, 731 F.2d 1141, 1144 (5th Cir. 1984)).

45.      A stay is appropriate "to prevent the continued arbitration of a dispute that is not

arbitrable." *Id.*

46.     Here, the dispute of whether the Agreement's class waiver is enforceable is not

arbitrable. The Agreement expressly precludes the arbitrator from determining whether the class

waiver is enforceable and, instead, vests this Court with the power to decide the enforceability of

the class action waiver.

47.     Additionally, the Agreement provides that "[i]f a lawsuit is filed to enforce the[] [class action] waiver[] the parties agree that the arbitration shall be immediately stayed, by agreement or court order, until the court case is resolved and all appellate review is exhausted." Exhibit 1 ¶ 9(h).

48.     JPay, therefore, is entitled to an order staying the arbitration proceedings until this Court determines whether the class action waiver is enforceable.

## REQUESTED RELIEF

WHEREFORE, JPay respectfully requests that this Court:

A.      Declare that the arbitrator does not have the power to determine the enforceability of the class action waiver;

B.      Declare that the Agreement's class action waiver is enforceable;

C.      Declare that Defendants are precluded from pursuing class action claims and must submit to individual arbitration;

D.      Enjoin Defendants from challenging the class action waiver in the arbitration proceedings;

E.      Stay the two arbitration proceedings: *Lonnie Burton #978598 v. JPay LLC*, Case No. 01-22-0000-3052 and *Michael Linear #847176 v. JPay LLC*, Case No. 01-22-0000-3053;

F.      Award JPay attorneys' fees and costs pursuant to the Agreement, which provides that "[t]he cost of proceedings [challenging the class action waiver] . . . including, without limitation, each party's attorneys' fees and costs, shall be borne by the unsuccessful party." Exhibit 1 ¶ 9(h); and

G.      Award JPay other and further relief as may be proper.

Dated: July 12, 2022                      Respectfully Submitted,

*/s/ Devin Freedman*
Velvel (Devin) Freedman
(*Pro Hac Vice Forthcoming*)
Florida Bar No. 99762
Constantine Economides
(*Pro Hac Vice Forthcoming*)
Florida Bar No. 118177
Colleen L. Smeryage
(*Pro Hac Vice Forthcoming*)
Florida Bar No.100023
**ROCHE FREEDMAN LLP**
1 S.E. 3rd Avenue, Suite 1240
Miami, Florida 33131
Tel.: (305) 971-5943
Email: vel@rochefreedman.com
Email: ceconomides@rochefreedman.com
Email: csmeryage@rochefreedman.com

Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

***Counsel for Plaintiff JPay LLC***

9